Note for the record that we're calling a case in Re Processed Egg Products antitrust litigation. And I'll ask council to put their appearances on the record who they represent. We'll start with you Mr. Levine. Jay Levine on behalf of Roseacre Farms and I will be presenting the position of like the Hollywood Squares if you've got it on gallery view the way I do. In the center square I see Jan Levine or at least that's the name that you're nom de gore. Can you identify yourself please and who you represent? Yes your honor my name is Jan Levine not related to Jay Levine and I represent along with Ms. Sumner United Egg Producers and United States Egg Marketers. And we cede our time to Mr. Levine. Okay I just note how eager she was to distance herself from any relation to you Mr. Levine. I notice I notice too your honor. Although I feel very familiar for all of these years. Yeah okay Mr. Slater. I represent the Plano's Appellants your honor. All right Ms. Sumner. Can you identify yourself for the record? Yeah good morning Robin Sumner with Troutman Pepper on behalf of United States Egg Marketers and United States Egg Producers. All right thank you. Okay then we'll go ahead and call the case Mr. Slater. I understand you're representing the appellants you have before sir and do you want any time for rebuttal? Yes could I reserve three minutes for rebuttal? Yes you may thanks. Your honor in this case the plaintiffs allege the conspiracy to reduce the supply of eggs comprised of three and those component parts were the short-term measures certified program and the exports programs of the USEM. It is true that we and I think I think it's fair to say that that we're familiar with the facts. So why don't you dive right into your legal positions. Yeah your argument the question here is really what could be alleged and we asserted that there was one overarching conspiracy. That's true. We simultaneously also asserted from the very beginning that any one or more of the three component parts of these of the program could constitute a standalone unlawful agreement. This was asserted from the very beginning in our amended complaints and I'll use now as excuse me. I understand that and I want you to respond if you would to the argument that's made by your opponents that is the district judge never said anything contrary to that. Never said that every one of those things had to be proven to have been actually executed on. Only said that you had alleged a conspiracy consisting of those three separate mechanisms or schemes and you got what you wanted. You alleged that overarching conspiracy and when instructed that was the overarching conspiracy that was described and that you yeah you got what you asked for is essentially what they're saying. What is what's wrong with that assessment of the record Mr. Slater? It's not what we asked for. From the very beginning from our complaints we asserted two things. There was one conspiracy comprised of all three components and and any one or more of those three components could be a standalone unlawful agreement. We asserted that in the amended complaints again you can find that at the appendix page 707 where we said that the defendants participated and implemented the conspiracy by one or more of the following acts and then listed three component pieces. In fact in the amended very specifically argued or asserted that each one of the component pieces was a separate agreement with regard to these short-term measures that can be found at 711. With regard to the certified program that validation can be found at 711, 713. Yeah we I'll I don't want to speak for my colleagues but I promise you you've given us you've given us ample citations so is the other side citations which over and over and over again have your client through counsel saying we're alleging a single overarching conspiracy consisting of these three things. I mean that's all over the record isn't it? It is as is the assertion okay we were contending that any one or more of those would also be an unlawful agreement as a matter of well but you didn't but you didn't allege an unlawful agreement consisting of of one of or the other of those. You can you allege the conspiracy consisting of all three now whether all three had to have been executed on is not something that the district judge said had to be found. On the contrary go ahead go ahead Mr. Slater. I don't mean to disagree with your honor but we did allege that each of the three component parts could be a standalone agreement and if I may. Wait wait stop how can like just hold up. Sure. You told the court and you told the court repeatedly our case is a single conspiracy a single overarching conspiracy consisting of three underlying mechanisms or schemes. That is what you told the court over and over again right? I mean I think we've established what we don't need to establish it here. I usually don't tell you what I think the record says but I'm sure the record says that because you said it. Your honor I'm not just I'm not just agreeing with you. The record does say okay the record also is that we asserted that any one or more of those three component parts could also be an unlawful agreement. If I might your honor a lot of this came up at the motion and limine stage in the lawsuit. The defendants asserted in three comprised of all three pieces that we could only go to trial on a single conspiracy with regard to the certified program. We pushed back and we told the court no we're entitled to allege and go to trial on a single conspiracy comprised of all three and in order for there to be no misunderstanding co-counsel Mr. Blackmon stood up at the end of the argument and said your honor just so there is no misunderstanding that we were also alleging a conspiracy formed and implemented and I'll quote by defendants and co-conspirators through one or more of three sets of overt acts or unlawful agreements. Okay I'm not sure like there's this weird kind of ships passing in the night thing going on here Mr. Slater. You're saying wait wait we really said this and I'm saying yeah you really said that. So I'm not sure why you think the district court did you wrong because you said we have one conspiracy a single overarching conspiracy and and there are three things that were going on and any one of those three things if they did it supports the conspiracy. Now can you prove show me where she said in the record anywhere you have to find that all three things actually were acted on because when I look at this record what I'm finding is she said there's a single overarching conspiracy consisting of three things which you told Judge Prater again and again and again and which you told the jury and which was to your advantage to do because it allowed you to get certain hearsay exception advantages because these were all part of a single overarching conspiracy. It allowed you to have advantages for how people might be held liable had there been a finding of conspiracy whether they engaged in all three or only one there were clear advantages for you in it you took advantage of those things now show me in the record anywhere where she said hey jury you have to find that they did all three things. First of all in the question one of the verdict form is stated in the conjunctive not the disjunctive as we repeatedly asked the court and it states that the jury must find that there was a conspiracy to reduce the supply of eggs comprised of and then it lists all three things and it concludes with and the United States egg marketers and supports stated in the that's the definition of the conspiracy not what they had to say not what they had to find in order to actually find liability they didn't have to are we having confusion over whether what the nature of the conspiracy is no what you're saying now is the nature of the conspiracy is different we were allowed to we were allowed to allege an overarching conspiracy and we were like that overarching conspiracy if we proved any one of these things and then ignore everything everything else we said because they're really three separate conspiracies is that what you're arguing now your honor question one requires in order to find a conspiracy all three component parts be found the full statement on question one do you unanimously find by a preponderance of the evidence that there was a conspiracy to reduce the supply of eggs comprised of one recommended short-term supply measures two the united egg producers uep certified program as challenged and and three the united states egg marketers usem exports then gave instruction number 16 which states and this is the appendix 32 84 to 85 these three alleged restraints must all be part of a single conspiracy the court told the judge all three had to be proved in order for us to establish well that's that's where we just look i was with you right till then right up to that point to that to the moment when you said so the juror the judge said to the jury they had to find that all three acts occurred because i don't see where she said that i see where she said exactly what you told her to say which is i have a single overarching conspiracy i'm alleging here a single overarching conspiracy consisting of three things and i'm going to take advantage of all the things that go with alleging that those are all part of a single conspiracy which you did now your honor i've invited you to point it to me and i'm not seeing it i'm not seeing where she said in order to prove that this conspiracy existed you have to find that all three of those things actually were successfully accomplished these three alleged restraints and restraints referring to each one of the component parts must all be part of a single conspiracy i don't know if you and i just true definitely we do to me that says we have to prove all three furthermore okay well can i counsel can i ask interject for just a moment let if i followed your argument in your briefs and here today your your response to judge shorten's question is well verdict form question the verdict form is the court's phrase comprise it required the jury to find all three of these acts in order to find the antitrust liability and one wouldn't supply and that that's your response let's assume that's correct for just a moment what i still don't understand is is where where there's error because the court over and over says you don't actually have to do that so it's possible that you could be right and say well taken in isolation this verdict form using the phrase comprised and the conjunctive creates a problem but that's not how we review jury instructions is it and over and over again to judge jordan's point the district court repeatedly tells the jury one or more will do it not all three so how do you reconcile that that problem the only point at which the jury was told that one or more would suffice was in what we presented as a contention instruction the judge told the jury this is the plaintiff's contention and the contention was that one or more of the three could suffice that doesn't help us that just hurts us more because the court in the courts then told the jury that our contention that one or more was sufficient was legally incorrect and by giving the verdict form that the judge gave told the jury again that what we were asserting was incorrect the defendants in their brief argue that the contention instruction cures the problem it doesn't cure the problem wait wait wait it's not just it's not just the contention instruction mr slater the the judge said and i'm quoting now it is also not necessary that all of the means or methods claimed by the plaintiffs were agreed upon by each individual defendant to carry out the alleged conspiracy nor that all the means or methods that were agreed upon were actually used or put into operation close quote the fact that not all of them had operation doesn't cure the problem with what is the agreement and the judge told the court the jury that all three of those had to be proved it's pretty unequivocally no no wait a second we differ on this point but the judge yeah i guess these three alleged restraints must all be part of a single conspiracy that in conjunction wait a second isn't isn't that what you said didn't you say that is the conspiracy those three things not any one of them all three of the conspiracy you said it again and again the judge said it at the instruction and then went out of her way to say they don't have to have executed on all three any one of them would do it we did not say that all three must be part of a conspiracy we alleged that there was a single conspiracy with all three never okay would you say that all three must be proved in order for there to be a conspiracy to the contrary we always asserted and mr blackmon asserted right at the time that the defendants raised in their brief that in addition we are also asserting that any one or more of them could constitute an unlawful agreement and when the jury there's one last question from me i i got your argument i make your per se illegality argument but would you agree that if we disagreed with you if we looked at this and said you know what we're not persuaded that there was error in the jury instruction or in the verdict sheet that your per se argument is moot because there was no conspiracy proven done right absolutely we agree with that and i think we've said as much as we included the argument because we think this matter should be retried and we think it should be pride retried under a proper rule structure that's why we asserted the per se claim okay understood uh judge made anything further from you sir no not at this time and we've cited these yes court in our briefs but in u.s versus american radiator there were was an allegation of one overarching conspiracy comprised of three different kinds of activities the at trial the trial court declined to give an instruction that all three must be proved in order for there to be a conspiracy this court affirmed and said the government was not required to prove all means and methods from that that's what we asked the court thank you we didn't we don't understood yeah yeah the adamo case which is cited in gypsum says the same thing all right mr slater thanks we'll have you uh for your rebuttal three minutes of rebuttal mr levine thank you thank you your honor may it jay levine on behalf of roseacre farms at the 11th hour via jury instructions the plaintiffs wanted to change the case from the one they had presented to the jury and had been prosecuting for 10 years in order to reduce their burden of proof having secured a number of benefits over the past 10 years by the way they defined the conspiracy the plaintiffs wanted to avoid the burden of that definition it certainly was not an abuse of the district court's discretion to reject that attempt there were two fundamental why don't you go straight let me ask you mr levine let me ask you to go straight to the point that mr slater ended with talk about american radio talk about you know he's saying look this is contrary to the third circuit's own precedent where uh it's it's been emphatic and saying you don't have to prove all it was wrong for the court here to say you had to where the cases that they cite essentially say that especially in a criminal indictment when there are a number of overt acts alleged you don't have to prove all the overt acts alleged in order to find the unlawful conspiracy the difference here is i think as your honor actually pointed out they have over and over and over again prosecuted a case that was a single conspiracy that included three different stratagems to use your honor's phraseology from the class opinion it had to include all three because of the next principle that they cite over and over again which is that any company that engages in any one of the three is part and parcel of that same single overarching conspiracy so in order for company a that did um the short-term recommendations in company b within the exports to be considered part and parcel of the same single conspiracy that conspiracy must logically inevitably include all components and in fact the district court was over and over again asking the plaintiffs are you going are you bringing a single conspiracy or are you alleging that there are multiple conspiracies and over and over again the plaintiffs reiterated that it is a single conspiracy that includes all three and in instruction 17 where the judge appropriately instructed the jury how they can find whether any given company joined and implemented the conspiracy she correctly charged the jury that they need not find that any company did all three stratagems one was sufficient and that's exactly what the plaintiffs have been asking for at no point did they ever ask and maintain that they were um uh pursuing a case that was a single conspiracy based on just one of the strategies in fact mr slater brought up the motion in limine what had happened is that is that in response that the plaintiffs had brought motions in limine that focused only on the certified program as the problem in all of this um in all of the facts and we brought a motion for clarification asking are you now saying that there is a distinct conspiracy based just on the certified program or are you maintaining your long-held view that the single conspiracy included all three and and counsel said specifically to the court that it included all three and in fact this very exchange that your honor had with mr slater is an exchange that judge pratter had with the lead trial counsel mr blackman and mr beckman said that our position is that a conspirator has joined her in participation in the conspiracy by participating in one or more then the judge said but the conspiracy itself includes all three i got you mr levine we've i've i've read it okay trust me i've read it so i want to take you back to american radiator i want you to address specifically mr slater's and an emphatic statement by this court that if if you're more if you're alleging multiple ways of executing on a single conspiracy it's it's wrong to suggest that you have to prove all three of those means up you have to prove them all up i i take that to be his pitch uh now what's what's wrong in his argument and the way he's presenting american radiator if anything or is he right and if he's right does it does it make does it throw into doubt judge pratter's framing of instruction 16 and very question one no i do not think he's right because what the court was saying there is in finding whether the conspiracy itself was carried out you do not need to find that all of the overlaps were carried out but it did not say that if you are alleging a single overarching conspiracy that you do that that not all of the components of that single overarching conspiracy uh need not be in the conspiracy it does not say that at all and in fact american radiator said given the fact that the conspiracy itself was actually being inferred from the overt acts they would actually have to prove the overt acts because that's the only way you know that there is a conspiracy but frankly that's that sort of in almost irrelevant to this case because it is this case where they kept maintaining that if roseacre did just one of the three components they are part and parcel um of the same single conspiracy that hickman's may have been in who did something else you cannot say that somebody who did one thing and somebody who did another thing are part and parcel of the same conspiracy unless those two stratagems are exactly uh coalesced and aggregated under the single conspiracy and that's exactly what judge she said she made sure to make a distinction between the definition of the conspiracy and how anybody can maintain it and in fact at the charging conference council for the plaintiffs said we are not alleging anything other than the single conspiracy but if somehow the jury can find their own conspiracy we want to allow them to do that and under those circumstances given the fact that the plaintiffs had presented and have been litigating for years a single um conspiracy including all key stratagems she declined their um their invitation and in fact that was the way okay i think we got you i think we got you on this let we we've got just uh a few more minutes with you and i want to i want to move you on to your cross appeal your ask judge may or judge haran do you want to ask anything more about this central part of the appeal judge mating nothing judge ran no okay so let's let's talk about your cross appeal for a moment mr labine okay can you can you uh explain to me what authority you've got for a good faith exception cap uh uh for cap or volstead act uh it's uh because i'm a i'm a little at sea at where you're where your authority for that is uh in light of the light of the decisions let me just ask you put it to you this way the supreme court's son case for example says you got one non-producer you're done you're out what what's what's your response to that all all of the cases thumb kiss national broiler and all of the cases cited by the plaintiffs go to whether the cap or volstead immunity applies in a given case especially if the cooperative includes a non-producer we are we're we're taking as a premise that the cap revolves that immunity does not actually apply per judge pratter's ruling but what we're saying is that there is inherently a good faith defense that if a member if a producer has a good faith belief that his co-op or cooperative is immune under cap or volstead because it is impossible to police a 14 000 i know that i know that's your argument i'm trying to ask you what case do you have what authority do you have that any such thing exists there there there is no case directly holding the existence of the good faith defense in the cap or volstead of context however both the uh exemption for agriculture and the exemption for labor are born from a single mother if you will from section six of the clayton act they are both um they derive from there and this court has specifically recognized and the supreme court asked that there was something called the non-statutory labor exemption that essentially there is a good faith defense in the labor context if even though the exemption the statutory exemption may not apply and we're arguing by by dint of logic and necessity that that same sort of exemption should be carried over into the agricultural context isn't it sort of a fundamental a statement of antitrust law that that uh exemptions are to be it gives an exemption from ordinary uh restrictions or prohibitions on horizontal restraints now speak to that i mean i i thought an interpretive rule was if there's going to be an exemption like the one cap or volstead gives you it's got to be narrowly construed isn't that true the the exemption exemptions generally immunity are generally to be uh narrowly construed but but in many then how can we then how can we start how can we start making up good faith exceptions because that doesn't seem to square with narrow construction this court did exactly that and consolidated express and reconfirmed in the united mine workers when it specifically held that there was a non-statutory labor exemption in other words and in insurance and in other industries that we cite in our brief there are instances in which the judiciary has realized that there is an implied exemption notwithstanding the rule against um uh expanding uh exemptions if you will nevertheless these these implied uh defenses have been recognized and we are suggesting that there is actually no reason why a good faith defense in the agricultural context should not be applied when it is in its sister context in the in the labor and in fact would go to promote the very policy that is embodied in the cap or volstead act which is to promote cooperatives and their membership and in the I got your I got your policy argument um in in just a couple minutes we got left here I do want to ask you about your your sort of uh we should win as a matter of law argument and particular the the Matsushita uh argument that you're making um that sort of depends does it not on uh a case being made solely on circumstantial evidence uh that's where Matsushita comes in correct that is correct if if the uh if the case is built on direct evidence um it does not apply okay that being the case uh work with me here on the on the uh is it isn't there direct evidence here from which the jury could have the jury didn't didn't think there was a conspiracy apparently uh but there was direct evidence where there were statements like from your client's executive I don't really know what this whole motive is but I think there is more to it than animal welfare I think some people think it will make them rich or something uh or from the UEP executive we have tried to downplay exports and animal welfare as reasons for improved prices this is our statement to the media type uh in reality ellipse uh all egg producers are enjoying good times don't those statements amount to direct evidence that hey we're saying all the stuff PETA wants to hear but this is really about in our pockets that's direct evidence no no I don't believe so direct evidence this court has said is explicit and requires no inferences to establish the proposition or conclusion a a I don't know what this is about or some other party statement certainly isn't a direct evidence that roseacre consciously and knowingly participated in a conspiracy to reduce supply and in fact the district court below on at this issue on summary judgment basically had had said that that there is that it there is direct evidence only of participation in a certified program but that the certified program itself is not direct evidence of the alleged conspiracy and hence it's circumstantial which brings into the matricious tend to exclude standard all right uh I'll ask Judge Mady and Judge Ram one more time if they've got any additional questions you're not seeing head shaking no uh all right thank you Mr. Levine Mr. Slater you have three minutes for rebuttal sir thank you your honor uh three quick points first Mr. Levine said that we were trying to hold roseacre liable even before we had not participated in the individual conspiracy which we allege should have been put to the jury that's incorrect we submitted a verdict form to the court appendix 1506 in that verdict form the first question asked is there a per se violation so I understand the debate about per se the second question asked is there a rule of reason violation the third question specifically asked do you find that each of the three defendants participated in the conspiracy you found an answer in question one or two in other words the conspiracy you found unlawful only if they check yes next to that defendant's name was that defendant going to be held liable for participating in the conspiracy found second point it's not just American radiator your honor and at the risk of looking foolish for telling your honor what your honor said the opinion you wrote in the class case in that case the defendants argued contrary to what they say here that each of the three component parts had to be analyzed separately to determine whether per se unlawful you can't analyze conduct as per se or not unless there is an agreement to engage in the conduct alleged to be per se unlawful your honor wait hold on just a minute hold on just a second mr slater sure the the fact that each the separate stratagems might conceivably warrant different uh a different analytical construct that is real reason versus per se that doesn't that doesn't say anything does it about the character of the conspiracy that was alleged and sought to be proven does it i mean it just says if they're component parts they may not all need they may not all properly be analyzed with the same tools in in the class opinion the court states that the method in which the plaintiff characterizes the conspiracy does not control and the court then stated courts consider the differing components of the alleged conspiracy separately now the court was speaking to the per se rule but i don't believe you can speak to a person excuse me unlawful agreement unless you have an agreement to engage in the conduct purportedly per se unlawful so when the court says that each of those components has to be analyzed separately i believe that would cover the question of is there a conspiracy as well as covering the question of is it per se and again i apologize your honor if i'm purporting to tell you what what you wrote uh people people tell me that all the time mr slater it's okay very quickly with regard to the third point is there direct evidence of a conspiracy in regard to the defendant's contention that this should be disposed of the defendants admit in their briefs that there was a written signed agreement between horizontal competitors who were the members of the uep and roseacre to all adhere to the rules of the certified program that's an agreement question is did the agreement have an anti-competitive effect but i can't imagine any more direct evidence of agreement than a sign written agreement the export program was also a signed written commitment to undertake the export and that was a commitment signed by multiple horizontal competitors again it's there could be no more direct evidence obviating the need to engage in the matsushita analysis than written signed agreements by horizontal competitors your honor i believe that's all i have unless there are further questions right no and uh we thank you for argument today mr slater mr levine thank uh ms levine and mr sumner for uh ms sumner for uh presence here today uh we've got the matter under advisement thank you again for briefing and for appearance and we'll go ahead and recess court